**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:22-cv-00234-MR**

| | |
|---|---|
| DAMETRI DALE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's letter, [Doc. 9], which has been docketed as a motion. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.    BACKGROUND

Pro se Plaintiff Dametri Dale ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Foothills Correctional Institution ("Foothills") in Morganton, North Carolina. On October 31, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against the North Carolina Department of Public Safety (NCDPS); Foothills; Teresa Jardon, identified as the Warden of Foothills; and Brandeshawn V. Harris, identified as the NCDPS

Commissioner.  [Doc. 1 at 1, 3-4].  Plaintiff sues Jardon and Harris in their individual and official capacities.  [Id. at 4].  Plaintiff alleges as follows:

> From July 21, 2022 through October 24, 2022 the Plaintiff has suffered from physical, verbal, and mental and emotional abuse and/or neglect.  Staff have tighten hand and ankle cuffs to cause physical pain and permnate scarring to the Plaintiff's wrist and ankles.  Staff have spit and/or tampered with the Plaintiff's food. Plaintiff declared mental emergencies where staff just ignored him.  He was suicidial and was just ignored.  Staff made false offense and disciplinary reports against the Plaintiff causing segeragation.  Staff have refused the Plaintiff the basic tools needed to represent himself.  Staff spit on the Plaintiff and inflicted cruel and unusual punishment on the Plaintiff.  The Plaintiff was neglected medically.  The Plaintiff was starved on numerous occasions.

[Doc. 1 at 6 (errors uncorrected)].  Plaintiff asserts a claim of cruel and unusual punishment under the Eighth Amendment.  He also purports to claim violations of "pro se/self representation faretta; attorney client privilege; mailing services; liberty; [and] defamation."  [Id. at 5].

For injuries, Plaintiff claims that he suffered permanent scars to his wrists and ankles, starvation, and breakouts from medical neglect.  [Id. at 7].  Plaintiff seeks monetary relief.  [Id. at 8].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that

2

it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States

and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

As a threshold matter, the NCDPS is not a proper defendant in a § 1983 action. Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for money damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, Plaintiff's claim against the NCDPS fails and this Defendant will be dismissed.

Furthermore, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71. Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, as noted, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies. See Ballenger, 352 F.3d at 844-45. Plaintiff's official capacity claims against Defendants Jardon and Harris, therefore, will be dismissed.

As to Plaintiff's individual capacity claims against Defendants Jardon and Harris, a plaintiff must show that the defendants "acted personally" to cause the alleged violation.  See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted).  As such, doctrine of respondeat superior does not apply in actions brought under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).  Under Shaw v. Stroud, 13 F.3d 791 (4th Cir. 1994), however, supervisory liability may attach under § 1983 if a plaintiff can establish three elements: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) and "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  13 F.3d at 799 (citations omitted).  Plaintiff alleges no personal participation by Defendants Jardon or Harris and makes no allegations supporting these elements. The Court, therefore, will dismiss these Defendants on initial review for Plaintiff's failure to state a claim against them.

Finally, Defendant Foothills is not a proper Defendant in this matter because it is not a "person" subject to suit under § 1983. <u>See</u> <u>Brooks v. Pembroke Cty. Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff has failed to state a claim against this Defendant and the Court will dismiss it.

Plaintiff's Complaint, therefore, fails initial review for Plaintiff's failure to state any claim for relief. The Court will allow Plaintiff to amend his Complaint to state a claim for relief. Plaintiff, however, is admonished that he may not bring multiple unrelated claims against unrelated defendants in any single action. <u>See</u> Fed. R. Civ. P. 18(a), 20(a)(2); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

## IV.    PLAINTIFF'S LETTER

Also before the Court is Plaintiff's letter in which he requests that copies of the Complaint be attached to the summonses he has provided for

service on Defendants. [Doc. 9 at 1]. The Court will deny this request. Plaintiff's Complaint has not passed initial review. Service does not occur unless or until the Complaint passes initial review and the Court provides copies of the Complaint for service as a matter of course in any event. No request by Plaintiff is necessary. Moreover, Plaintiff's letter is improper. Requests to the Court should be made in the form of a motion only. Typically, the Court does not respond to letters. [See Doc. 4 at ¶ 5]. **Plaintiff is directed to carefully review the Order of Instructions sent to him on November 2, 2022, before filing any further documents with the Court.** [See Doc. 4].

## V.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Letter/Motion [Doc. 9] is **DENIED**.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge