UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cv-00234-MR

| DAMETRI DALE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| TERESA JARDON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, [Doc. 13], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A, and Plaintiff's "Motion for the Issuance and Service of Summons and Complaint," [Doc. 12]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

**I. BACKGROUND**

Pro se Plaintiff Dametri Dale ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On October 31, 2022, he filed this action pursuant to 42 U.S.C. § 1983 against the North Carolina Department of Public Safety (NCDPS); Foothills Correctional Institution ("Foothills CI"); Teresa Jardon, identified as the Warden of Foothills; and Brandeshawn V. Harris, identified

as the NCDPS Commissioner. [Doc. 1 at 1, 3-4]. Plaintiff sued Jardon and Harris in their individual and official capacities. [Id. at 4].

In his original Complaint, Plaintiff alleged, in pertinent part, as follows. From July 21, 2022 through October 24, 2022, Plaintiff suffered physical, verbal, mental, and emotional abuse and/or neglect while housed at Foothills CI in Morganton, North Carolina. During this time, staff tightened hand and ankle cuffs on Plaintiff to cause pain and scarring to Plaintiff's wrists and ankles. Staff spat on Plaintiff and spat on and/or tampered with Plaintiff's food, inflicting cruel and unusual punishment on him. Plaintiff declared medical emergencies, including being suicidal, and was ignored by staff. Staff falsified offense and disciplinary reports against Plaintiff, causing Plaintiff to be placed in segregation. Staff refused Plaintiff the basic tools necessary to representing himself. Finally, Plaintiff was starved on numerous occasions. [Doc. 1 at 6]. Based on these allegations, Plaintiff asserted a claim of cruel and unusual punishment under the Eighth Amendment. Plaintiff also purported to claim violation of "pro se/self representation faretta; attorney client privilege; mailing services; liberty; [and] defamation." [Id. at 5].

On January 3, 2023, in the instant case, the Court conducted its initial review and dismissed Defendants NCDPS and Foothills because they are

not proper Defendants. [Doc. 10 at 4, 6]. The Court also dismissed Plaintiff's official capacity claims against Defendants Jardon and Harris, explaining that officials acting in their official capacities cannot be sued for damages under 42 U.S.C. § 1983 and that the Eleventh Amendment bars suits for money damages against the State of North Carolina and its various agencies. [Id. at 4]. Finally, the Court found that Plaintiff failed to state individual capacity claims against Defendants Jardon and Harris because Plaintiff failed to allege that any facts supporting these supervisory Defendants liability under § 1983. [Id. at 5]. In its initial review Order, the Court admonished Plaintiff "that he may not bring multiple unrelated claims against unrelated defendants in any single action." [Id. at 6]. The Court explained, "A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact." [Id. (citing Fed. R. Civ. P. 20(a)(2)]. The Court allowed Plaintiff 30 days to amend his Complaint in accordance with the terms of the Court's Order. [Id. at 8].

Since filing the instant action, Plaintiff filed at least four other actions with this Court under 42 U.S.C. § 1983. [Case Nos. 1:22-cv-00259-MR, 3:22-cv-00597-MR, 3:22-cv-00641-MR, and 3:22-cv-00462-RJC-DSC]. In Case No. 3:22-cv-597, which Plaintiff also filed on October 31, 2022, Plaintiff

claimed that he was wrongfully convicted after an inadequate investigation, false evidence presented to a grand jury and at trial, and the withholding of evidence at trial. [Case No. 3:22-cv-597, Docs. 1, 12]. On January 25, 2023, the Court dismissed Case No. 3:22-cv-597 without leave to amend because the deficiencies were uncurable. [Case No. 3:22-cv-597, Doc. 13 at 8]. The Court again admonished Plaintiff that, "he may not bring multiple unrelated claims against unrelated defendants in a single action." [Id., id. at 7-8]. The Court also cautioned Plaintiff that, "**the repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit the Plaintiff's ability to file further lawsuits in this Court**." [Id., id. at 8 (emphasis in original)].

In Case No. 3:22-cv-642, filed on November 22, 2022, Plaintiff sued two witnesses in his state criminal proceeding, Chrishawna Hammonds and Angelina Smith, claiming they provided false testimony against him in violation of the U.S. Constitution. [Case No. 3:22-cv-642, Doc. 1]. The Court dismissed the Complaint without prejudice as frivolous and for failure to state a claim for relief. [Id., Doc. 10 at 3]. The Court allowed Plaintiff 30 days to amend his Complaint to correct the deficiencies identified in the Court's Order. [Id., id.]. The time to amend in that case has not expired.

On December 6, 2022, Plaintiff filed another action against various officials at Foothills, including Teresa Jardon, Brandeshawn Harris, Doug Newton, Chadwick Roseboro, Deorain Carson, Brandon Orders, Robert Campbell, and Eris Allen, as well as the NCDPS and Foothills. [Case No. 1:22-cv-259, Doc. 1]. Plaintiff claimed violation of his rights in August, October, and November 2022 while he was housed at Foothills. [Id., id. at 7]. On January 18, 2023, the Court conducted its initial review of Plaintiff's Complaint in that action. [Id., Doc. 11]. The Court found that Plaintiff's Eighth Amendment claims against Defendants Campbell, Orders, and Allen survived initial review and dismissed Defendants NCDPS and Foothills with prejudice. [Id., id. at 11]. The Court dismissed Plaintiff's official capacity claims, again instructing Plaintiff as above. [Id., id. at 5]. The Court noted that Plaintiff's claims against Defendant Jardon and Harris appeared to be duplicative of his claims against these Defendants in the instant action. The Court advised Plaintiff that, because he had been granted the opportunity to amend his Complaint in this action, he may raise all claims he wishes to assert against Defendants Jardon and Harris in the instant action. [Id., id. at 8-9]. The Court allowed Plaintiff the opportunity to amend his Complaint consistent with the Court's Order. [Id., id. at 9]. The Court, however, again admonished Plaintiff that "he may not bring multiple unrelated claims against

unrelated defendants in any single action," and repeated the same admonishment regarding repeated filing of frivolous and duplicative actions as above. [Id., id. at 9-10].

On January 17, 2023, Plaintiff mailed a voluntarily dismissal of Case No. 3:22-cv-641, which he had filed on November 22, 2022, and was substantively very similar to Case No. 3:22-cv-597, before the Court conducted its initial review in that matter. [Case No. 3:22-cv-641, Doc. 11]. The same day, Plaintiff timely mailed his Amended Complaint in the instant action, which is now before the Court on initial review. [Docs. 13, 13-1]. In his Amended Complaint, Plaintiff again names Defendants Jardon and Harris and adds a long list of additional Defendants not named in his original Complaint, all in their individual and official capacities. [Doc. 13 at 2-6]. These additional Defendants include FNU Freeman, FNU Eller, FNU Tarr, FNU Paggot, FNU Taylor, Eric Price, Chadwick Roseboro, and Douglas Newton, all identified as officials and officers at Foothills. [See id. at 2, 4-6].

Plaintiff alleges as follows in his Amended Complaint. On August 15, 2022, Defendants Tarr and Paggot placed false disciplinary charges against Plaintiff because he "asked for law material to complete a motion in state court." [Id. at 9]. On August 29, 2022, Defendant Price coerced Plaintiff into pleading guilty to disciplinary charges and lied about the sanctions he would

impose if Plaintiff pleaded guilty. [Id.]. On September 29, 2022, Defendant Eller threatened to harm Plaintiff and to put him in segregation and, after Plaintiff complained, Defendants Eller and Taylor fabricated disciplinary reports against Plaintiff. [Id.]. Defendant Roseboro violated Plaintiff's rights as a pro se litigant by giving Plaintiff's personally protected information to a probation officer in Florida and improperly monitored a privileged call between Plaintiff and his attorney. [Id.]. Unknown "staff" (1) caused physical pain and permanent scarring to Plaintiff's wrists and ankles by securing restraints too tightly on him; (2) ignored his mental health emergencies; (3) "made false offense(s) and disciplinary reports against the Plaintiff causing segregation;" (4) tampered with and/or destroyed Plaintiff's regular and legal mail; (5) "refused the Plaintiff the basic tools needed to represent himself;" and (6) medically neglected Plaintiff and starved him on numerous occasions.[1] [Id. at 10]. Defendants Jardon, Newton, and Freeman had actual and constructive knowledge that "staff was engaged in conduct that posed a pervasive and unreasonable risk that resulted in the injuries to the Plaintiff" because they received emails "regarding incedents [*sic*] that occurred." [Id.]. Plaintiff has also had conversations with Defendants Jardon and Freeman

---

[1] Although Plaintiff makes these allegations against unknown staff, he did not name any Doe Defendants in his Amended Complaint.

and they both acknowledged "the situations" and promised to rectify them. [Id.]. Defendants Jardon, Newton, and Freeman "deliberately neglected" to act and Defendants Jardon and Freeman threatened to retaliate against Plaintiff. Finally, Defendant Harris received several disciplinary appeals, confidential grievances, and letters from the Plaintiff and had constructive knowledge "of the ongoing problems," but failed to act to protect Plaintiff from further harm. [Id. at 11].

For injuries, Plaintiff claims he suffered from physical, emotional, medical, and verbal abuse; neglect; physical injury and scarring to his wrist; nerve injury in his left hand; injury to his personal and professional reputation; and deprivation of his constitutional rights. [Id.]. For relief, Plaintiff seeks injunctive relief, removal from segregation, transfer to Central Prison, and disciplinary actions "on all others." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and

the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's Amended Complaint also fails initial review. Despite the Court's repeated warnings, Plaintiff has again asserted multiple unrelated claims

against unrelated Defendants in a single action. The Court cannot blindly select which related set of facts Plaintiff might want to pursue. Moreover, as before, Plaintiff's official capacity claims against all Defendants cannot proceed and would be dismissed. The Court also notes that many of Plaintiff's allegations are too vague or otherwise fail to state a claim for relief in any event. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).

For these reasons, the Court will dismiss this action. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and he has again failed to state a claim for relief. See Green v. Wells Farg o Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020). Plaintiff has shown in this action and others with this Court that he has no intention of following the instructions of this Court or the Federal Rules of Civil Procedure.

## IV. PRE-FILING REVIEW SYSTEM

The Plaintiff also has previously been warned that future frivolous or improper filings would result in the imposition of a pre-filing review system. Case No. 3:22-cv-597, Doc. 13 at 8]. A pre-filing review system is not a

sanction which is imposed lightly. The Court "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004) (internal quotation marks and citation omitted). In determining whether to impose a limitation on a litigant's access to the courts, the following factors should be considered: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576746, at *2 (W.D.N.C. July 3, 2012) (quoting Black v. New Jersey, No. 7:10-CV-57-F, 2011 WL 102727, at *1 (E.D.N.C. Jan. 11, 2011)).

Applying these factors to the present case, the Court concludes that the imposition of a pre-filing review is warranted. As noted above, the Plaintiff has filed numerous frivolous and duplicative actions in this Court in

a very short time. Despite multiple Orders instructing Plaintiff regarding how he may proceed and warning him of possible sanctions for frivolous and duplicative actions, the Plaintiff continues to ignore the Court's Orders. These filings are burdensome on the Court, as they have caused the Court to expend considerable time and resources in addressing them. In light of these circumstances, the Court concludes that the Plaintiff will continue his abusive behavior if he is not subjected to a pre-filing review system.

Before imposing a pre-filing limitation, the Court must offer a litigant the opportunity to explain why the Court should not impose such a pre-filing review system upon all future filings from him. See Vandyke, 2012 WL 2576746, at *3. In the event that the Plaintiff fails to articulate a reason why such a system should not be imposed, the Court will enter an Order directing that all documents submitted by the Plaintiff in the future will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Plaintiff without further explanation. Such a review system "will allow Plaintiff to have access to the Courts for his legitimate concerns, but will prevent him from usurping the Court's resources with his baseless submissions." Id. at *3.

## V. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice and order the Plaintiff to explain why a prefiling review system should not be imposed against him in accordance with the terms of this Order. The Court will also deny Plaintiff's pending motion [Doc. 13] as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 13] is **DISMISSED WITH PREJUDICE** for Plaintiff's failure to state a claim for relief and as frivolous as further addressed in the Court's Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Issuance and Service of Summons and Complaint [Doc. 12] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the entry of this Order, the Plaintiff shall file a single document, not to exceed more than three (3) pages, succinctly explaining why he believes the Court should not impose the above-described pre-filing review system. **The Plaintiff is expressly warned that his failure to fully comply with this directive will result in the Court's imposition of the subject pre-filing review system.**

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: March 1, 2023

Martin Reidinger
Chief United States District Judge